IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RALPH MALONE,
ADC #143901                                                                                              PETITIONER

v.                                           5:15CV00099-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

---

[1]The Petition named the State of Arkansas as the Respondent, but the Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts states, "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Therefore, Wendy Kelley should be listed as the Respondent in this case.

1

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

On February 13, 2009, Petitioner, Ralph Malone, pleaded guilty to rape in Pulaski County Circuit Court and was sentenced to 180 months imprisonment. (Doc. No. 7.) The conviction arises from Mr. Malone committing an aggravated sex offense on a victim under the age of twelve. (Doc. No. 7-2 at 2.) Petitioner currently is in the custody of Arkansas Department of Correction. On March 18, 2014, Mr. Malone filed a pro se motion asking for a belated appeal to the Arkansas Supreme Court. This motion was denied on February 26, 2015. Petitioner then filed his pro se petition for federal habeas relief on April 2, 2015.

He seeks habeas relief alleging solely an "invalid plea agreement." (Doc. No. 1 at 3.) I have carefully considered the pleadings in this matter and the applicable laws and, for the following reasons, I find the Petition is time-barred and should be dismissed.

## II.     ANALYSIS

### A.     Statute of Limitations

Respondent argues that Mr. Malone's Petition is untimely based upon the one-year period of limitation imposed by Antiterrorism and Effective Death Penalty Act (AEDPA). (Doc. Nos. 13, 15.) Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Malone pleaded guilty, and, therefore, did not appeal his conviction. *See* Ark. R. App. P.-- Crim.1(a) (no right to direct appeal from an unconditional guilty plea). The judgment became final on March 15, 2009 - thirty days after the entry of the Lonoke County Circuit

Court's sentencing order.[2] Accordingly, March 15, 2010, was the deadline for Mr. Malone to file his Petition. Instead, Mr. Malone filed this Petition on April 2, 2015, a full five years late. Furthermore, Mr. Malone does not argue equitable tolling, and he offers no excuse for the untimeliness of both his previous appeal and his current Petition. Therefore, the Petition is time-barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time- barred. Therefore, no certificate of appealability should be issued.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

---

[2] Respondent states the limitations period should begin on March 7, 2012. (Doc. No. 13). However, the Eighth Circuit recently ruled in *Manuel Enrique Camacho v. Ray Hobbs*, 774 F.3d 931, 935 (8th Cir.2015), that, when an Arkansas petitioner pleads guilty, the judgment becomes final thirty days after the entry of the judgment, on the state court's expiration date for filing a direct appeal.

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2. The Clerk of Court shall substitute Wendy Kelley, Director, Arkansas Department of Correction, for the State of Arkansas as the Respondent.

2. A certificate of appealability should not be issued.

DATED this 29th day of June, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE